LOUBRIEL, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Cancel a Mortgage.

No. 385.—Decided November 12, 1918.

RECORD OF TITLE—CANCELATION OF MORTGAGE—ALIENATION—POWER OF ATTORNEY.—Although section 1615 of the Civil Code provides that in order to compromise, alienate, mortgage, or to execute any other act of strict ownership an express commission is required, in this case the wife gave a power of attorney to the husband to alienate real property belonging to the community and gave her consent thereto, and the cancelation of a mortgage is an act of alienation.

The facts are stated in the opinion.

*Mr. Francisco Soto Gras* for the appellant.

The respondent did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

By public instrument No. 6 executed before Notary Francisco Soto Gras on May 17, 1918, Gonzalo Torres Sirera, in his own right and as attorney in fact of his lawful wife, Encarnación Ortega Saborit, executed a release and cancelation of a mortgage created in favor of the said husband and wife by Rafael Loubriel Cueto on a lot acquired by him during his wedlock with Sofía Trápaga y Pérez.

The instrument was presented in the Registry of Property of San Juan, Section 1, and the registrar, by a decision of July 31, 1918, refused to record the cancelation of the mortgage on the ground that the mortgage was created in favor of Gonzalo Torres Sirera, the husband of Encarnación Ortega Saborit, and it did not appear that the wife had expressly authorized the husband to cancel mortgage credits belonging to the conjugal partnership, such being the nature of the mortgage sought to be canceled.

Rafael Loubriel Cueto appealed from the said decision to this court.

We have examined the power of attorney given by Encarnación Ortega Saborit to her husband, Gonzalo Torres Sirera, and it contains the following clause:

"She also confers upon her said husband such full and ample power as is required by law, at any time, in their joint names and with her consent, to sell, grant, encumber and mortgage or in any other manner bind for a valuable consideration the real property of the conjugal partnership."

As is seen, the ground relied on by the registrar for refusing to record the cancelation of the mortgage is erroneous, for although section 1615 of the Civil Code provides that in order to compromise, alienate, mortgage, or to execute any other act of strict ownership, an express commission is required, in the present case the wife empowered her husband to alienate real property belonging to the conjugal partnership, expressing her consent thereto, and the cancelation of a mortgage is an act of alienation. *Baquero* v. *Registrar*, 22 P. R. R. 22; *Gómez* v. *Registrar of Guayama, ante,* p. 223.

The decision appealed from must be reversed and the registrar ordered to record the cancelation.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred